UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 0 3 2002

JAMES W. McCORMACK, CLERK
By:_____
              DEP CLERK

RHONDA JOHNSON,
JAMES SANDERS, by and
Through his Next Friend and
Natural Guardian, Rhonda
Johnson, TERRANCE JOHNSON,
And ALICIA NICOLE JOHNSON,
By and through her Next Friend
And Natural Guardian, Terrance
Johnson                                                               **PLAINTIFFS**

VS.                         CASE NO. 4-02-CV-00200 SWR

EDWARD JAMES FISHER, III,
HAROLD IVES TRUCKING COMPANY    This case assigned to District Judge Reasoner
and COVENANT TRANSPORT, INC.    and to Magistrate Judge Forster
d/b/a HAROLD IVES TRUCKING COMPANY                     **DEFENDANTS**

## COMPLAINT

For this Complaint, the plaintiffs state as follows:

1. That all of the plaintiffs to this action, Rhonda Johnson, Alicia Nicole Johnson, James Sanders and Terrance Johnson, are citizens and residents of the State of Nebraska.

2. The defendant Edward James Fisher, III, is a resident of North Carolina.

3. Defendant Harold Ives Trucking was and is an Arkansas Corporation whose principal place of business was and is in Pulaski County, Arkansas; is a corporation that is still in good standing with the State of Arkansas with a designated agent for service of process located in Arkansas.



4. That Covenant Transport, Inc. is a Tennessee corporation conducting business in Pulaski County, Arkansas.

5. The amount in controversy exceeds $75,000.00; therefore, venue and jurisdiction are proper within this Court pursuant to 28 USC § 1332.

6. That on April 4, 1999, plaintiffs Rhonda Johnson and Terrance Johnson were the owners of a 1997 Dodge Minivan, referred to hereinafter as "plaintiffs' vehicle."

7. On that same date, separate defendant Harold Ives Trucking was the owner of a 1999 Kenworth semi-truck and trailer, which on that date, was being operated by its employee, Edward James Fisher, III, hereinafter, this vehicle, will be referred to as "defendant's vehicle."

8. On April 4, 1999, the plaintiffs' vehicle was stopped at approximately milepost 90 on Interstate 40 outside of Kingman, Arizona. Traffic had stopped due to weather conditions and for other unknown reasons. There were many cars that had stopped ahead of plaintiffs' vehicle. At that same time and place, the defendant's vehicle was being driven in the same direction as plaintiffs' vehicle, except it was behind plaintiffs' vehicle.

9. As plaintiffs' vehicle sat stopped as described in the immediately preceding paragraph, the defendant's vehicle approached from the rear and was being operated too fast for the conditions that then existed and, as a result, defendant's vehicle was driven into the

plaintiffs' stopped vehicle causing damage to the plaintiffs as is described further herein.

10. That at all relevant and material times, separate defendant Fisher was in the course and scope of his employment with separate defendant Harold Ives Trucking Company, which is vicariously liable under the doctrine of respondeat superior for the conduct of Fisher.

11. That Fisher was negligent in the following particulars:

  (a) failure to keep and maintain a proper lookout;

  (b) failure to exercise reasonable control of his vehicle;

  (c) traveling too fast for the conditions; and

  (d) Failure to yield the right of way to the vehicles ahead.

12. Pleading in the alternative, separate defendant Covenant Transport, Inc. acquired the assets and liabilities of Harold Ives Trucking Company subsequent to the collision described herein and stand liable for the negligent conduct of defendants Fisher and Harold Ives Trucking Company.

13. That the negligence of Fisher, which is imputed to Harold Ives, was the proximate cause of all injuries and damages alleged in this Complaint.

14. As a direct and proximate result of the negligence of the defendants, plaintiff Rhonda Johnson has sustained personal injury (including injuries to her leg and low back).

15. As a result of the negligence of the defendants, plaintiff Rhonda Johnson has suffered the following damages:

      (a) past and future medical expenses;

      (b) past and future pain and suffering, including mental anguish;

      (c) permanency of injury;

      (d) lost wages and loss of future earning capacity.

16. As a result of the negligence of the defendants, Rhonda Johnson, as the Next Friend and Natural Guardian of James Sanders, a Minor, has suffered the following damages:

      (a) past and future medical expenses.

17. That as a result of the negligence of the defendants, James Sanders has suffered personal injury causing him to suffer the following damages:

      (a) physical pain and mental suffering.

18. That as a result of the negligence of the defendants, Plaintiff Terrance Johnson, as Next Friend and Natural Guardian of Alicia Johnson, a Minor, has suffered damages in the form of medical expenses.

19. That Alicia Johnson has suffered the following damages:

      (a) physical pain and mental suffering.

20. That at all relevant and material times, plaintiff Terrance Johnson was the husband of plaintiff Rhonda Johnson and as a result of the negligence of the defendant has sustained the loss of the society, services, consortium, companionship and advice of his wife in the past and will sustain the same in the future.

21.   Plaintiffs demand a jury trial.

WHEREFORE, the plaintiffs pray that they recover compensatory damages of and from the defendants with plaintiff Rhonda Johnson praying she recover an amount in excess of $75,000.00 in her individual capacity, for an amount in excess of $1,000.00 as the Next Friend of plaintiff James Sanders, that Terrance Johnson prays that he recover damages in an amount in excess of $10,000.00 in his individual capacity and an amount in excess of $1,000.00 in his capacity as Next Friend and Natural Guardian of Alicia Johnson and for any other proper relief.

Respectfully Submitted,

*Paul E. Harrison*

Paul E. Harrison   88105
McMATH LAW OFFICES
711 West Third Street
Little Rock, Arkansas   72201
501-396-5444